**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-cr-00235-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEROME ALLEN MOORE,

    Defendant.

**ORDER DETERMINING COMPETENCY AND COMMITTING DEFENDANT**

**Blackburn, J.**

    This matter came before me for hearing under 18 U.S.C. §§ 4241 and 4247(d), on November 7, 2007, for determination of the defendant's competency. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

    Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered the evidence adduced during the competency hearings; having considered the reasons stated, arguments advanced, and authorities cited by the parties; I enter the following findings of fact,[1] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

    **FINDINGS AND CONCLUSIONS:**

    1. On October 10, 2007, I entered an **Order For Competency Examination And Determination** [#43], granting, *pro tanto*, the **Motion for**

---

[1] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**Psychiatric or Psychological Examination and Determination of Competency** [#40] filed October 10, 2007, by counsel for the defendant.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Jeremiah Dwyer, Ph.D., a Forensic Psychologist with the Federal Bureau of Prisons, conducted a psychological examination of the defendant.  On November 6, 2007, I received Dr. Dwyer's competency examination. The report[2] included the information, diagnosis, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate Dr. Dwyer's findings, diagnoses, and opinions.

3.  The defendant is presently suffering from a mental disease or defect[3] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the defendant is not presently competent to proceed.

4. Pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant must be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility[4] for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

5. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under  18 U.S.C. § 3161(c).

---

[2] Dr. Dwyer's report, which is titled "Forensic Evaluation," was admitted in evidence as "Court's Exhibit 1."

[3] Dr. Dwyer's diagnoses included dementia, schizophrenia, and bipolar disorder. *See* Court's Exhibit 1 at 4.

[4] "Suitable facility" is a term defined by 18 U.S.C. § 4247(a)(2).

6. Pending further proceedings, this case should be continued to a date and time certain.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Jerome Allen Moore**, is declared incompetent to proceed ;

2. That pursuant to the provisions of 18 U.S.C. § 4241(d)(1), the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed;

3. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

4. That unless sooner set, this case is continued to March 7, 2008, at 10:30 a.m., at which time the defendant shall appear without further notice or order; and

5. That the United States Marshal for the District of Colorado is authorized and directed to transport the defendant to the Federal Bureau of Prisons, Federal Detention Center, Englewood, Colorado 80123, for placement by the Bureau of Prisons in a suitable facility for hospitalization and treatment as provided in this order.

Dated November 7, 2007.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**