**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-cr-00235-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JEROME ALLEN MOORE,

    Defendant.

## ORDER

The matter is before me on **Defendant's Motion Asserting A Violation of 18 U.S.C. § 4241(d)(I) and Requesting Appointment of a Guardian Ad Litem** [#58], filed March 10, 2008.[1]  I grant the motion.[2]

The procedural history is as outlined correctly by defendant in his motion. *See* Motion at 1-2, ¶¶ 1-3.  The principal issue for resolution entails construction of 18 U.S.C. § 4241(d), which provides first that once a court declares a defendant incompetent to proceed, the court shall commit the person the custody of the Attorney General, *see* 18 U.S.C. § 4141(d) and that

> The Attorney General shall hospitalize the defendant for treat-
> ment in a suitable facility -

---

[1] The government filed its timely response [#60] on March 17, 2008.

[2] The issues raised by and inherent to defendant's motion are briefed adequately, obviating the necessity of evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs.

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . .

See 18 U.S.C. § 4241(d)(1).

At issue is whether the four-month period of hospitalization runs from the date of the commitment order or from the date the defendant is transported by the BOP to the facility where the hospitalization is to occur. Defendant argues the former, and the government argues the latter. I conclude, as a matter of law, that the four-month period runs from the date of the commitment order. Such a construction is necessary to preserve the expedited process intended by Congress and to eschew administrative prolongation through control of the delivery of the person to the appropriate hospital. See **United States v. Baker**, 807 F.2d 1315, 1320 (6th Cir. 1986).

Accordingly, I conclude that 18 U.S.C. § 4241(d) has been violated. The issue becomes what constitutes a condign remedy in the circumstances of the defendant. I conclude that a guardian ad litem should be appointed to advise the court as to what remedy is in the best interests of the defendant in these circumstances.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion Asserting A Violation of 18 U.S.C. § 4241(d)(l) and Requesting Appointment of a Guardian Ad Litem** [#58], filed March 10, 2008, is **GRANTED**;

2. That a guardian ad litem **SHALL BE APPOINTED** for the defendant from the CJA panel;

3. That on March 28, 2008, at 1:30 p.m., the court **SHALL CONDUCT** a status conference at which the court shall consider, *inter alia*, the recommendations of counsel, including the guardian ad litem, as to a condign remedy for the violation of 18 U.S.C. § 4241(d); and

4. That the appearance of the defendant **SHALL BE WAIVED** for the limited purpose of this status conference.

March 19, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**