UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JEROME ALLEN MOORE          Docket Number: 06-cr-00235-REB-01

**Petition to Quash Warrant**

COMES NOW, Jennifer Nuanes, probation officer of the court, presenting an official report upon the conduct and attitude of Jerome Allen Moore who was placed on supervision by the Honorable Robert E. Blackburn sitting in the court at Denver, Colorado, on the 5th day of January 2007, who fixed the period of probation at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2.  The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

3.  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4.  The defendant shall reside in a residential reentry center for a period of not more than thirty (30) days, in order to facilitate the residential, medical, and mental health treatment plan articulated by defense counsel. The placement is to commence as directed by the probation officer. The defendant shall observe the rules of that facility.

5.  The defendant shall remain compliant and shall take all medications that are prescribed by his/her treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his/her prescribed medications is maintained.

**On June 11, 2008, the defendant's term of probation was revoked resulting in a time served custodial sentence and the imposition of a twenty-eight (28) month term of supervised release with the following special conditions:**

1.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

PROB 12
(02/05-D/CO)

2. The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4. The defendant shall reside in a residential reentry center for a period of not more than thirty (30) days, in order to facilitate the residential, medical, and mental health treatment plan articulated by defense counsel. The placement is to commence as directed by the probation officer. The defendant shall observe the rules of that facility.

5. The defendant shall remain compliant and shall take all medications that are prescribed by his/her treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his/her prescribed medications is maintained.

**On July 16, 2008, the defendant's placement at the Independence House Residential Reentry Center was extended for a period of not to exceed 180 days, commencing July 17, 2008, based on the defendant's inability to establish a viable release plan.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the warrant issued on September 19, 2008, be quashed.

ORDER OF THE COURT

Considered and ordered this 24th day of November 2008, and ordered filed and made a part of the record in the above case.

s/ Robert E. Blackburn
_____
Robert E. Blackburn
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/Jennifer Nuanes
_____
Jennifer Nuanes
Senior United States Probation Officer

Place: Denver, Colorado

Date: November 24, 2008

# ATTACHMENT

On June 26, 2008, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read and explained to him, that he fully understood the conditions, and that he was provided with a copy of same. The defendant's term of supervised release commenced on June 11, 2008.

The request to quash warrant is based on the following:

Immediately upon the defendant's release from custody of the Bureau of Prisons, he was placed at Independence House, a Residential Reentry Center (RRC), in order to facilitate an appropriate residential, medical, and mental health treatment release plan.

On July 16, 2008, the defendant's placement at the RRC was extended for a period of not to exceed 180 days, commencing July 17, 2008, based on the defendant's inability to establish a viable release plan. On September 9, 2008, the defendant was observed leaving the RRC without permission. Both the Probation Office and RRC staff made several attempt to locate the defendant but to no avail. As a result, on September 19, 2008, a warrant was issued.

Since the warrant was issued, the defendant's medical status has worsened. Specifically, the defendant was deemed "gravely disabled because of his mental condition" and state authorities were considering placing the defendant in a state hospital. On October 15, 2008, I was contacted by a member of the Veterans Administration Hospital Homeless Program and advised that the defendant was placed at Harbor Lite, a homeless shelter, for military veterans located at 2136 Champa Street, Denver, Colorado. He also explained that the core philosophy of the program is to remain sober and clean.

On October 16, 2008, Supervising Probation Officer Richard V. Vaccaro and myself reported to Harbor Lite, to meet with the defendant. Upon our arrival we met with Ronald Neal, Assistant Director. Mr. Neal confirmed that the defendant was accepted into the program and explained that programs core philosophy is that all participants remain clean and sober. Mr. Neal also advised that the defendant would be required to participate in substance abuse treatment and relapse prevention courses. After this meeting, we asked to meet with the defendant. Immediately upon meeting with the defendant, it was clear he was in need of medical attention. The defendant explained that he was in severe pain, could not eat, and was not thinking clearly. At that time, Supervising Probation Officer Richard Vaccaro and I transported the defendant to the VA Hospital for medical assistance.

On October 22, 2008, the defendant returned to Harbor Lite. Due to the defendant's medical and mental health obstacles, he is unable to meet all the program requirements. However, according to Mr. Neal, the defendant can continue to reside at the facility as long as he does not violate the substance abuse rules and regulations.

Based on the aforementioned, the Probation Office respectfully recommends that the supervised release violation warrant issued on September 19, 2008, be quashed, therefore, allowing the defendant to continue to reside at the Harbor Lite Program.